■ ANNIE COOKE, Respondent, v. SYBIL COOKE, Now SYBIL NICKERSON, Appellant.— Order unanimously reversed, without costs, in the interest of justice and defendant's motion for vacatur granted upon the condition that defendant pay to plaintiff at the office of plaintiff's attorneys within 15 days after service of copy of order entered hereon the sum of $500 on account of plaintiff's expenses plus costs and disbursements of this appeal. Memorandum: In 1968 plaintiff-respondent sued her daughter in fraud and misrepresentation to set aside the transfer of real and personal property. Defendant-appellant changed attorneys and in 1970 was represented by one William Hunt. In June, 1971 the action was placed upon the trial calendar and November 8, 1971 was ordered as a day certain for trial. Appellant's attorney failed to appear when the case was reached for trial and after some delay in waiting for his appearance plaintiff's attorneys, pursuant to the Calendar Practice Rule, entered a default judgment. A copy of the judgment with notice of entry was personally served upon defendant, according to the affidavit of the process server, although defendant categorically denies she was ever served. Various mailings were made to defendant, according to plaintiff's attorneys, although defendant denies ever having received them. On November 8, 1971 Special Term granted plaintiff judgment, without inquest, in the sum of $33,000 and ordered that defendant transfer the real property to plaintiff. In June, 1972 Special Term found defendant guilty of contempt for failure to carry out the terms of the default judgment. In August of 1972 Special Term ordered the Sheriff to convey the real property to the plaintiff and this was done. During the period when defendant was represented by attorney Hunt disciplinary proceedings were instituted against Hunt and in 1972 he was disbarred. Defendant contends that during his representation of her this attorney neglected her matter and is largely responsible for her default. On May 7, 1973 Special Term denied her motion to vacate the judgment and it is from that order that defendant appeals. Since the record does not contain a copy of the complaint, we are unable to determine whether the demand was for a sum certain or whether it was necessary to take proof, as required by CPLR 3215 (subd. [b]) in order to have granted the $33,000 judgment. We are also concerned about the quality

of representation given defendant by her attorney who has been disbarred because he "demonstrated his unfitness to continue as a member of the profession" (*Matter of Hunt,* 40 A D 2d 9, 11). Although we are reversing Special Term's order, we note that the record shows that while defendant's delays were not willful, the defendant's actions, nevertheless, indicated some indifference in what was happening. She was too casual about the progress of the litigation and was not without some personal responsibility for what occurred. Nevertheless, we believe that the interest of justice requires that she have her day in court. (See 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3216.04; *Giordano* v. *St. Clare's Hosp.,* 24 A D 2d 568; *Hensey Props.* v. *Lamagna,* 23 A D 2d 742.) We grant her this opportunity conditioned upon payment on account of the plaintiff's expenses for defendant's demonstrated indifference. The judgment is vacated upon condition that the action be brought to trial at the earliest opportunity and upon payment by defendant of $500. We repeat that defendant should co-operate fully so that this action, now five years old, will be disposed of at the earliest opportunity. (Appeal from order of Niagara Special Term denying motion to vacate default judgment.) Present — Marsh, P. J., Cardamone, Simons and Goldman, JJ.